# ROBERTSON *v.* SOUTHERLAND.

JUSTICES OF THE PEACE; APPEALS; MANDAMUS.

1. *Quære,*—whether an order of a justice of the peace quashing an attachment before judgment to enforce a landlord's tacit lien for rent against the tenant's goods upon the premises, on the ground that the plaintiff's affidavit in support of the attachment was insufficient, is a final order from which an appeal may be taken to the supreme court of the District of Columbia under D. C. Code, § 30, allowing an appeal from a justice of the peace to that court in cases where the claim exceeds $5, to "either party who may think himself aggrieved by the judgment or other final order of a justice of the peace."

2. This court will not entertain an appeal from an order of the supreme court of the District of Columbia dismissing an appeal from an order of a justice of the peace quashing an attachment before judgment to enforce a landlord's tacit lien for rent upon his tenant's goods, on the ground that the order was not a final one, and, therefore, not appealable, and remanding the cause for further proceedings before the justice; the proper remedy of the appellant, if the order was a final, and therefore an appealable one, being through mandamus to compel a hearing in the supreme court of the District of Columbia.

No. 1356. Submitted October 21, 1903. Decided November 5, 1903.

HEARING on a motion by the appellee to dismiss an appeal from an order of the Supreme Court of the District of Columbia dismissing an appeal from a justice of the peace. *Granted.*

The facts are sufficiently stated in the opinion.

*Mr. Henry E. Davis, Mr. Edward B. Kimball,* and *Mr. Grafton L. McGill,* for the motion:

1. The judgment of the justice of the peace was merely a judgment quashing an attachment before judgment. Before the enactment of the Code no appeal from such action was ever heard of. Too manifestly for argument, § 30 of the Code con-

templates a -final judgment for or against one of the parties in respect of the matter in controversy, and has no application to any interlocutory or intermediate proceeding. Section 33 gives to any person other than the defendant the privilege of claiming right of property in any articles seized, whether on execution or other process issued by a justice of the peace, and the right to the defendant to claim that any property so seized is exempt from execution, and to each the right of trial of such claim before the justice; and § 35 provides for an appeal from the action of the justice in either such case. But it is in such case only that any appeal is provided from any action of a justice of the peace, except his final judgment or order.

2. The act creating this court, § 7, provides for an appeal thereto by "any party aggrieved by any final order, judgment, or decree of the supreme court of the District of Columbia, or of any justice thereof;" saving, of course, the right of appeal, in the discretion of this court, upon proper showing. The action of the supreme court of the District of Columbia in this cause was not final, for the double reason, first, that it was only the dismissal of an appeal; and, second, an order returning the cause to the justice of the peace before whom it was instituted with directions to proceed therein according to law.

Counsel taking the appeal to this court relied in the court below on § 226 of the Code. Two provisions of this section are supposed to give the right of appeal contended for, namely, first, that "any party aggrieved by any final order, judgment, or decree of the supreme court of the District of Columbia, or of any justice thereof, including any final order or judgment in any case heard on appeal from a justice of the peace, may appeal therefrom to the said court of appeals;" and second, "appeals shall be allowed to said court of appeals from all interlocutory orders of the supreme court of the District of Columbia, or by any justice thereof, whereby possession of property is changed or affected, such as orders for the appointment of receivers, granting injunctions, dissolving writs of attachment, and the like."

As to the first of these provisions, it requires no argument

to show that it has no application in the premises, for the plain reason that, as aforesaid, by its very terms, the order appealed from is not a final order.

Nor has the second provision referred to any application to the case, as the order complained of did not itself dissolve the attachment originally sued out, but merely in effect held that the action of a justice of the peace dissolving an attachment issued by him is not appealable.

*Mr. Leo Simmons,* opposed:

1. The court below acted upon the case as if it were an ordinary attachment for debt before judgment, and made no distinction between such an attachment and one levied to enforce the landlord's tacit lien for rent against the tenant's goods upon the premises, as provided by § 1229 of the Code. In either case, above mentioned, an appeal will lie, for § 30 of the Code specifically provides for an appeal from a final order. Section 226 of the Code gives the right to appeal to this court, upon an order of the supreme court of the District of Columbia, dissolving an attachment of any kind, and undoubtedly it was the intention of the framers of the Code, when they used the words "or other final order" in § 30, to provide for just such a case as the one at bar; for, if an order dissolving an attachment, and releasing goods which have been seized and taken under execution, is not final, I cannot see what kind of an order, other than a final judgment disposing of the whole case, can be considered final. The order dissolving the attachment in this case was not only a final order, but a final judgment (1 Am. & Eng. Enc. Law, 1st ed. pp. 931, 932); for, if the plaintiff was not entitled to enforce his lien by attachment, as provided in § 1230 of the Code, that was the end of the case, in so far as his lien for rent was concerned. If the narrow construction placed upon § 30 of the Code by the court below is correct, it means that Congress, while giving litigants the right to appeal to this court from an order of the supreme court of the District of Columbia, dissolving an attachment, did not mean to do so in a similar case before a justice of

the peace. In other words, the knowledge of the justice of the peace, in the opinion of the framers of the Code, was more to be relied upon, in such a matter, than the justices of a court of record. While through mistake or inadvertence such a law may exist, yet it seems to me to place such construction on the laws in question would be clearly in contravention of the statute.

2. However, it is not necessary for this court to pass upon the question as to whether or not an appeal will lie from an order of a justice of the peace, dissolving an attachment, for debt, before judgment; for an attachment to enforce a lien for rent is clearly distinguished therefrom. "Statutory liens without possession have the same virtue that existed in common-law liens accompanied by possession." *Fowler v. Rapley,* 15 Wall. 328. In an ordinary attachment for debt there must be a judgment against the defendant before he proceeds to subject the property to execution. Drake, Attachment, §§ 224, 228. Sections 1229 and 1230 of the Code are identical with the statute that was in force before the Code. Abert's Compiled Stat. § 316. By § 1230 the lien may be enforced in three ways: First, by attachment before judgment; second, by judgment and execution; third, by action against purchaser of chattels. The suit was not begun to obtain a personal judgment. The form of the writ in this case is that which has been used in this district for years, and by that it appears that no judgment other than condemnation of the property is contemplated. In an ordinary attachment the dissolution discharges the lien obtained by the levy; in such a case as this its effect is to destroy the lien created by statute. *Fowler v. Raply,* 15 Wall. 328; Drake, Attachment, § 411.

3. The following cases show that the order dissolving the attachment was an appealable order: *Williams v. Hutchinson,* 26 Fla. 514; *Jeffrey v. Coleman,* 20 Fla. 538; *U. S. v. Killman,* 3 McA. 76; *Danforth v. Cross,* 4 Iowa, 230; *Kurtz v. Dun,* 36 Ark. 648; *Hectman v. Sharp,* 3 McA. 90; *Cross v. Goldsmith,* 4 Mackey, 126; *Richmond v. Cake,* 1 D. C. App. 447; *Stroheim v. Deimel,* 77 Fed. Rep. 802; *Baker v. Lehman,* Wright, Ohio, 522; *Ware v. Richardson,* 3 Md. 505. The mode of procedure

in this case is sustained by the United States Supreme Court in
*Fowler* v. *Rapley,* 15 Wall. 328, and *Beal* v. *White,* 94 U. S.
382.   Because only a part of the rent was due was no ground
for dissolving the attachment.   *Jean* v. *Spurvier,* 35 Md. 110;
*Dawson* v. *Bain,* 2 Gill & J. 53, 1 Gill, 373; *Gross* v. *Goldsmith,*
4 Mackey D. C. 126.   Final order defined.   *In Re Rose,* 80
Cal. 170.   See also *Higgins* v. *Grace,* 59 Md. 365, see p. 374.

Mr. Justice SHEPARD delivered the opinion of the Court:

The appellant, Powhatan W. Robertson, as plaintiff, sued the
appellee, Leonidas B. Southerland, in a justice's court upon a
lease,—one instalment under which was then due and unpaid,
and obtained a writ of attachment upon an affidavit charging
that plaintiff had "a tacit lien upon the personal chattels of the
defendant, and that the defendant is about to abscond or perma-
nently remove from the District of Columbia, or to sell all or
some part of said chattels."

The writ was executed, and the defendant moved to quash be-
cause the affidavit stated no sufficient ground for the attachment.
He expressly denied that he was about to abscond or remove per-
manently from the District or to sell all or any part of said chat-
tels.   This denial was supported by an affidavit.

The attachment was quashed, and the plaintiff appealed there-
from to the supreme court of the District.

In that court defendant's motion to dismiss on the ground
that the order was not final and therefore could not be appealed
therefrom was sustained, and the papers were ordered to be re-
turned to the justice of the peace with direction for further pro-
ceedings in the cause according to law.

The plaintiff has appealed from that order to this court.

The appellee has moved to dismiss this appeal on the ground
that the order of the justice of the peace quashing the attachment
was an interlocutory, and not a final, order, under D. C. Code, §
30, which allows an appeal to the supreme court of the District
in cases where the debt, demand, or value of personal property
claimed exceeds $5 to "either party who may think himself ag-

grieved by the judgment or other final order of a justice of the peace," etc.

Where an appeal from a justice's court shall be entertained the case is to be heard *de novo,* and trial may then be had by jury.   Code, § 80.

Where jurisdiction is entertained in a case appealed, and a trial had, a further appeal can be had to this court.

The question whether the order quashing the attachment was a final order under a proper construction of § 30 aforesaid is an interesting and important one, which we think we ought not to determine upon this record.

If we should sustain the appellant's contention, and entertain this appeal, he could obtain no benefit thereby.   On the contrary, he might sustain serious detriment, because we could not, in such event, render a judgment that would have the effect to correct the error, if such it was, of the justice of the peace in quashing the attachment upon an issue of fact.

There was no hearing, in the intermediate court, of the facts upon which the right to maintain the attachment depended. Consequently, there is nothing in the record by which we could determine that question, were we to entertain the appeal.

The court below, having refused appellant a hearing because it was of the opinion that it had no jurisdiction in the premises, all that we could do, upon a proper application, would be to compel it to hear the cause, if satisfied that it was its duty to so do.

In a case like this, at least, where the appeal is futile because the matter for ultimate determination depends upon matters of fact as well as law, the proper remedy would be through proceedings by mandamus to compel a hearing.

Without intimating any opinion upon the question whether the order of the justice of the peace quashing the attachment was an appealable one, our conclusion is, for the reasons given, that this appeal must be dismissed with costs; and it is so ordered.

*Dismissed.*